FILED
2026 Aug-03 PM 01:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANGELIA WILLIAMS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:24-cv-01441-MHH** |
| | } | |
| **GREATER BIRMINGHAM** | } | |
| **HABITAT FOR HUMANITY,** *et al.*, | } | |
| | } | |
| **Defendants.** | } | |

### MEMORANDUM OPINION AND ORDER[1]

Angelia Williams, proceeding *pro se*, filed this lawsuit seeking the return of her home, which defendants foreclosed on, and compensation for the foreclosure. This order begins with a discussion of the history of this case. Then the Court states the relevant legal standards and applies those standards to Ms. Williams's recent filings.

\*\*\*

Initially, Magistrate Judge Borden presided over Ms. Williams's case. (Doc. 1, p. 5). In her initial complaint, Ms. Williams alleged that she had satisfied her

---

[1] The Court has terminated Judge Marshell Hatcher as a defendant in this action, (Doc. 8), but the Court did not update the case caption on the docket sheet. The Clerk of Court shall please update the case caption to read: "Williams v. Greater Birmingham Habitat for Humanity."

mortgage, but the defendants had foreclosed on the home anyway. (Doc. 1, p. 5). With her complaint, Ms. Williams filed a motion to proceed *in forma pauperis* and a letter to the Court in which she requested $3,500,000 in damages, asked for the sheriff's department to be added to the complaint, and largely repeated the allegations in her complaint. (Doc. 2; Doc. 3). Judge Borden interpreted Ms. Williams's letter as a motion to supplement her complaint and granted the motion. (Doc. 4). Ms. Williams later filed a document asking "to have the judge[']s decision voided against me." (Doc. 5, p. 2).[2] Ms. Williams attached documents from a related state court case, *Greater Birmingham Habitat for Humanity v. Williams*, No. 01-CV-2023-903732.00 (Jefferson Cnty. Cir. Ct. Oct. 19, 2023), and excerpts from and citations to various materials.[3]

---

[2] Under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to void a state-court judgment. The *Rooker-Feldman* doctrine 'is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments.'" *Efron v. Candelario*, 110 F.4th 1229, 1235 (11th Cir. 2024) (quoting *Alvarez v. Att'y Gen. of Fla.*, 679 F.3d 1257, 1262 (11th Cir. 2012)), *cert. denied*, 145 S. Ct. 1958 (2025). The *Rooker-Feldman* doctrine bars federal district court actions "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Efron*, 110 F.4th at 1235 (11th Cir. 2024) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). For purposes of the *Rooker-Feldman* doctrine, a trial court judgment is final when entered even if state appeals have not yet been exhausted. *T. M. v. Univ. of Maryland Med. Sys. Corp.*, 146 S. Ct. 1739 (2026).

[3] This Court takes judicial notice of the other docket entries in the *Habitat* case. *See Progressive Mountain Ins. Co. v. Middlebrooks*, 805 Fed. Appx. 731, 733 (11th Cir. 2020) (citing *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000)) (taking judicial notice of court filings as public records). The state court record indicates that a foreclosure sale was held on September 20, 2023, a notice to vacate was given to Ms. Williams on October 6, 2023, Ms. Williams refused to vacate the property, a default judgment was entered on June 3, 2024 that awarded Greater Birmingham Habitat for Humanity immediate possession of the property, and the state court denied Ms. Williams's motion to vacate the default judgment on September 27, 2024. *Greater Birmingham*

On November 25, 2024, Judge Borden dismissed Ms. Williams's complaint pursuant to 18 U.S.C. § 1915.  (Doc. 6).  Judge Borden denied without prejudice Ms. Williams's motion to proceed *in forma pauperis*.  Judge Borden amended his order on December 2, 2024.  (Doc. 7).  In his amended order, Judge Borden explained that Ms. Williams had not pleaded a federal cause of action; although Ms. Williams had asserted her claims under the United States Constitution, her "factual allegations relate[d] to a claim for wrongful foreclosure," which "is a state-law claim."  (Doc. 7, p. 4).  Judge Borden also explained that Judge Hatcher had absolute judicial immunity from Ms. Williams's claim, and the Jefferson County Sheriff's Department may not be sued because it is not a legal entity.  (Doc. 7, p. 4–5).[4]

Judge Borden ordered Ms. Williams to file an amended complaint by December 16, 2024.  (Doc. 7, pp. 5–7).  Judge Borden explained in his order what an amended complaint should include.  (Doc. 7, pp. 5–6).  Judge Borden advised Ms. Williams "that her failure to file an amended complaint consistent with [his] directions . . . w[ould] result in the dismissal of this action."  (Doc. 7, p. 7).

---

*Habitat for Humanity v. Williams*, No. 01-CV-2023-903732.00 (Jefferson Cnty. Cir. Ct. Oct. 19, 2023), Dkt. Nos. 2, 21, 39.  As recommended by the Eleventh Circuit, the Court has attached these docket entries to this opinion.  *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) ("We think the best practice would be to include copies of any judicially noticed records as part of the Order that relies upon them, so as to ensure the inmate receives them.").

4 Reading Ms. Williams's complaint liberally, the Court assumes Ms. Williams attempted to assert a § 1983 claim against Judge Hatcher.  Such a claim would trigger federal jurisdiction under 28 U.S.C. § 1331.  Judge Borden properly dismissed the claim against Judge Hatcher based on judicial immunity.

3

On the day that Judge Borden entered his order, Ms. Williams filed a second amended complaint against Judge Hatcher, Greater Birmingham Habitat for Humanity, and Covey Financial LLC. (Doc. 8). The second amended complaint largely repeated the allegations in the first complaint. Judge Borden reviewed Ms. Williams's second amended complaint and found that it did not "remedy the deficiencies detailed in the court's earlier order since it does not establish federal question or diversity jurisdiction over Williams' claims." (Doc. 9, p. 1). Judge Borden explained that the Fourteenth Amendment protects individuals only from government action, Ms. Williams's factual allegations against the private defendants could support only a state-law wrongful foreclosure claim, and Ms. Williams's second amended complaint did not reflect complete diversity of citizenship between the parties to provide a separate basis for jurisdiction under 28 U.S.C. § 1332. (Doc. 9, pp. 1–3). Judge Borden ordered the Clerk of Court to randomly reassign this case to a district judge; the undersigned drew the case. (Doc. 10).

Since reassignment, Ms. Williams has filed three sets of documents. (Docs. 11, 12, 13). The documents include a photocopy excerpt from a legal treatise on mortgage foreclosures concerning several topics, screenshots of google search results, citations to and printouts of federal statutes, two form complaints, and two "affidavits" that "ask[] the court to rule in favor of a default judgement" and state that unspecified respondents should "either 1) carry out the order(s) and meet

Respondent(s)['] obligations . . . or, 2) respond to this AFFIDAVIT." (Docs. 11, 12, 13) (allcaps in Doc. 12). The Court construes these documents as attempts to move for a default judgment and/or to amend the complaint.

***

For purposes of this order, the Court assumes that if Ms. Williams were to re-file her motion to proceed without prepayment of fees, she would qualify for *ifp* status. Therefore, the Court must evaluate the amended complaint and related filings under 28 U.S.C. § 1915. Under § 1915, a district court must dismiss a complaint if the factual allegations are "frivolous or malicious" or "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "A claim is frivolous if it is without arguable merit either in law or fact." *Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010). Additionally, "federal courts are duty bound to consider their subject matter jurisdiction *sua sponte*." *Burr & Forman v. Blair*, 470 F.3d 1019, 1035 n. 38 (11th Cir. 2006) (citing *Univ. of S. Alabama v. Am. Tobacco Co.,* 168 F.3d 405, 409–11 (11th Cir. 1999)).

When reviewing a *pro se* complaint pursuant to § 1915, a district court must be mindful that complaints written by *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022). Though a district court must be lenient in its review of a *pro se* pleading, the court "cannot act as *de facto* counsel or rewrite an

otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citation omitted).

A plaintiff has the right to amend her complaint once as a matter of course; additional amendments must be approved by the Court. *See* FED. R. CIV. P. 15(a)(1). "The court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "In deciding whether to grant a party leave to amend a pleading, a district court may consider several factors, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing And Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (alteration in original) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

\*\*\*

To the extent Ms. Williams is attempting to amend or supplement her claim again, the Court denies leave to amend. In her new submissions, Ms. Williams has not cured the jurisdictional and pleading deficiencies in her previous complaints. For example, Ms. Williams attempts to assert violations of federal criminal statutes and a civil RICO claim under 18 U.S.C. § 1964. (Doc. 13). Most criminal statutes are enforceable only by a federal prosecutor, not a private individual such as Ms. Williams. *See Smith v. JP Morgan Chase*, 837 Fed. Appx. 769, 770 (11th Cir. 2021)

6

("[The Eleventh Circuit] has concluded that criminal statutes do not provide for private civil causes of action."). While 18 U.S.C. § 1964 does provide a civil remedy to persons harmed by a pattern of racketeering activity or through collection of an unlawful debt, Ms. Williams has not pleaded such conduct.[5]

Other documents that Ms. Williams has filed do not appear to be connected to an issue in this case. For example, Ms. Williams includes a printout of 31 U.S.C. § 1501. (Doc. 12, pp. 20–21). Ms. Williams states that "it is the responsibility of the government to provide for The people 31 US code 1501 states that." (Doc. 12, p. 19). In fact, 31 U.S.C. § 1501 obligates the federal government to recognize its own debts to others. The statute does not govern obligations between private parties like Ms. Williams and the defendants.[6] Ms. Williams also attaches a screenshot of a google search AI summary which discusses debt collectors pretending to be law enforcement officials. (Doc. 19, p. 22–23). Ms. Williams has not alleged that anyone impersonated a law enforcement official.

---

[5] Even if Ms. Williams had pleaded a pattern of racketeering activity or collection of an unlawful debt, she has not done so with the specificity required by Rule 9 of the Federal Rules of Civil Procedure. *See Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316–17 (11th Cir. 2007) (citation omitted) ("Civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity. To satisfy the Rule 9(b) standard, RICO complaints must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud.").

[6] In the same paragraph, Ms. Williams states that she is a "Native Born sovereign." (Doc. 12, p. 19). Ms. Williams's self-identification as a sovereign does not affect which statutes apply to her.

7

Ms. Williams's form complaints are deficient. The documents are pre-printed complaints to which Ms. Williams has added her name and the defendants' names, the property address, dates, and the amount of requested damages but no other case-specific information. (Doc. 12, pp. 15, 17). The first form complaint is titled "a complaint to enjoin a foreclosure." (Doc. 12, p. 15). The Court cannot enjoin—or in other words, stop—foreclosure here because foreclosure has already been completed. In addition, the first form complaint does not contain citations to federal law, so it does not provide a basis for federal jurisdiction. The second form complaint refers to a federal law, the Truth-in-Lending Act; it asks for rescission because "Defendant failed to disclose to Plaintiff the total amount of interest due under the mortgage and promissory note." (Doc. 12, p. 17). Ms. Williams's other filings do not allege that the defendants failed to disclose the amount of interest due. Moreover, the Truth-in-Lending Act's right of rescission at the latest "expire[d] three years after the date of consummation of the transaction." 15 U.S.C. § 1635(f). The warranty deed Ms. Williams included in her submissions indicates that the mortgage was consummated on or around June 3, 2014, more than three years before Ms. Williams filed this lawsuit on October 24, 2024. (Doc. 12, p. 8). Thus, this claim is untimely.

To the extent Ms. Williams seeks a default judgment or a preliminary injunction, the Court denies those requests. The Court can enter a default judgment

8

only against defendants who have been properly served.  Ms. Williams has not served the defendants.  A preliminary injunction would be premature because Ms. Williams has not asserted a valid federal claim for relief, and the Court declines to exercise supplemental jurisdiction over her state-law claims.

Accordingly, the Court dismisses this case without prejudice under 28 U.S.C. § 1915 for failure to state a federal claim.[7]  As noted, per 28 U.S.C. § 1367, the Court will not exercise jurisdiction over Ms. Williams's state law claims.  Ms. Williams may pursue those claims in state court.  The Clerk of Court shall please close this case and mail and email copies of this order to the email and mailing addresses Ms. Williams has provided.

**DONE** and **ORDERED** this August 3, 2026.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[7] To the extent that Ms. Williams has attempted to reassert a § 1983 claim against Judge Hatcher, the Court dismisses the claim based on judicial immunity.

9